IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT

Civil Action No. 10-cv-02693-BNB

DEC -   2010

GILARIME MICHAEL MUELLER,

GREGORY C. LANGHAM
CLERK

Applicant,

v.

JULIE WANDS, Warden/Warehouseman,

Respondent.

_____

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

_____

Applicant, Gilarime Michael Mueller, is a prisoner in the custody of the United

States Bureau of Prisons who currently is incarcerated at the Federal Correctional

Institution in Florence, Colorado.  Mr. Mueller has filed *pro se* an application for a writ

of habeas corpus pursuant to 28 U.S.C. § 2241.  He appears to be challenging the

validity of his criminal conviction and sentence in the United States District Court for the

Southern District of Iowa (Southern District of Iowa).  He has paid the $5.00 filing fee.

The Court must construe the application liberally because Mr. Mueller is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be

an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, Mr. Mueller will be ordered to file an amended application.

According to www.pacer.psc.uscourts.gov, Mr. Mueller was convicted by a jury in

the Southern District of Iowa Criminal Action No. 08-cr-00054-JAJ-TJS-002 on charges

of conspiring to distribute cocaine base and possessing cocaine base with intent to distribute. He was sentenced to concurrent sentences totaling 380 months followed by 5 years of supervised release. Judgment was entered on the docket on January 17, 1996. Mr. Mueller appealed from his conviction and sentence to the United States Court of Appeals for the Eighth Circuit, which affirmed his conviction and sentence on March 30, 2010. *See United States v. Mueller*, No. 09-1798 (8th Cir. Mar. 30, 2010) (unpublished). Mr. Mueller does not appear to have filed a motion pursuant to 28 U.S.C. § 2255 asking the sentencing court to vacate, set aside, or correct his sentence.

The Court has reviewed the application and finds that it is deficient. Mr. Mueller fails to make clear whether he is attacking the validity of his conviction and sentence or the execution of his conviction and sentence. A habeas corpus application pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). The remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

To clarify whether he is attacking the validity or execution of his conviction and sentence, Mr. Mueller must file an amended application that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of

2

Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P.

81(a)(2); ***Browder v. Director, Dep't of Corrections***, 434 U.S. 257, 269 (1978); ***Ewing***

***v. Rodgers***, 826 F.2d 967, 969-70 (10th Cir. 1987).  Pursuant to Fed. R. Civ. P. 8(a), a

pleading "must contain (1) a short and plain statement of the grounds for the court's

jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is

entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1)

provides that "[e]ach allegation must be simple, concise, and direct."  Taken together,

Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the

federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements

of Rule 8.

Rule 4 of the Rules Governing Section 2254 Cases requires Mr. Mueller to go

beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977).  Rule

1(b) of the Section 2254 Rules applies the rules to § 2241 habeas corpus applications.

Mr. Mueller must clearly allege his claims, and he must allege specific facts to support

each asserted claim.  Naked allegations of constitutional violations are not cognizable in

a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per

curiam).

Mr. Mueller will be directed to file an amended application that complies with

Fed. R. Civ. P. 8 and Rule 4 of the Section 2254 Rules.  In the amended application,

Mr. Mueller is directed to state, clearly and concisely, each claim he intends to assert in

this action.  Mr. Mueller may not refer to or rely upon attachments or documents

external to his amended application to explain his asserted claims or to provide support

for the asserted claims.

Accordingly, it is

ORDERED that Applicant, Gilarime M. Mueller, file **within thirty (30) days from the date of this order** an amended application pursuant to 28 U.S.C. § 2241 that complies with the directives of this order, the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and Rule 4 of the Rules Governing Section 2254 Cases.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Mueller, together with a copy of this order, two copies of the following form, one of which is to be used in submitting the amended application:  Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  It is

FURTHER ORDERED that the amended application shall be titled "Amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that if Mr. Mueller fails within the time allowed to file an amended application as directed, the application will be denied and the action dismissed without further notice.  It is

FURTHER ORDERED that the motion for summons (document no. 7) that Mr. Mueller filed on November 19, 2010, is denied as premature.

DATED December 9, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**F I L E D**
UNITED STATES DISTRICT COURT

DEC - 9 2010

GREGORY C. LANGHAM
CLERK

### CERTIFICATE OF MAILING

Civil Action No. 10-cv-02693-BNB

Gilarime Michael Mueller
Reg No. 08744-030
FCI Florence
P.O. Box 6000
Florence, CO 81226

    I hereby certify that I have mailed two copies of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pusuant to 28 U.S.C. § 2241 form** to the above-named individuals on December 9, 2010.

GREGORY C. LANGHAM, CLERK

By:_____
                       Deputy Clerk